# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

WILLIAM WESLEY ROBERTS,

    Plaintiff,

v.                                    Case No: 2:21-cv-437-SPC-NPM

STATE ATTORNEY, DAMIAM
OSTERMEYER and DESOTO
COUNTY JAIL,

    Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff William Wesley Roberts—a pretrial detainee in DeSoto County Jail—filed a civil-rights Complaint (Doc. 1) under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted him leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Roberts' Complaint is light on facts.  Interpreting it liberally, he states three claims.  First, Roberts accuses Damiam Ostemeyer of arresting him on false DUI manslaughter charges.  Second, Roberts alleges the "State Attorneys continue over and over makeing [sic] the plaintiff spend time in jail." (Doc. 1 at 6).  And third, he sues DeSoto County Jail because he caught Covid-19 from another inmate "due to poor health support."  (*Id.*)  Roberts seeks compensatory damages.

Roberts' second claim must be dismissed.  Prosecutors enjoy immunity from allegations stemming from their function as advocates.  *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).  Roberts' two remaining claims cannot be joined together in a single action because they do not arise out of the same transaction or occurrence.  Fed. R. Civ. P. 20(a)(2).  "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, Case No. 2:18-cv-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017).  As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  If Roberts wants to assert multiple unrelated claims, he must do so in separate actions.

Accordingly, it is now

**ORDERED:**

(1) Roberts' claim against "State Attorney" is **DISMISSED**. The Clerk is **DIRECTED** to terminate State Attorney as a party to this case.

(2) Roberts shall complete the enclosed form—asserting only one of his two remaining claims—and return it to the Court **no later than September 6, 2021. Failure to do so may result in dismissal of this action without further notice.**

(3) The Clerk of the Court is **DIRECTED** to send Roberts a copy of this Order and a blank civil rights complaint form bearing the above-captioned case number and the title "Amended Complaint."

**DONE** and **ORDERED** in Fort Myers, Florida on August 16, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies: All Parties of Record